UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHREN DIVISION

CHANDRA YOUNG,

     Plaintiff,

-vs.-

**FIRST AMENDED COMPLAINT**
**DEMAND FOR JURY TRIAL**

**Case No.  3:21-cv-10095-RHC-DRG**
**Hon. Robert H. Cleland**
**Mag. David R. Grand**

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC,
PLAZA SERVICES, LLC,
JEFFERSON CAPITAL SYSTEMS, LLC,
PORTFOLIO RECOVERY ASSOCIATES, LLC,
HELVEY & ASSOCIATES, INC., and
MICHIGAN FIRST CREDIT UNION,

     Defendants.
_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, CHANDRA YOUNG, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA,** and for her First Amended Complaint and Jury Demand against the Defendants, pleads as follows:

.

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

1

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Detroit, Wayne County, Michigan.

4. Venue is proper in Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of Detroit, Wayne County, Michigan.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan;

   b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Michigan;

   c. Plaza Services, LLC ("Plaza Services") is a foreign limited liability company that conducts business in the State of Michigan;

d.  Jefferson Capital Systems, LLC ("Jefferson Capital") is a foreign limited liability company that conducts business in the State of Michigan;

e.  Portfolio Recovery Associates, LLC ("PRA") is a foreign limited liability company that conducts business in the State of Michigan;

f.  Helvey & Associates, Inc. ("Helvey & Assoc.") is a foreign corporation that conducts business in the State of Michigan; and

g.  Michigan First Credit Union ("MFCU") is a domestic credit union that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7.  Plaza Services, Jefferson Capital, PRA, Helvey & Assoc. and MFCU (collectively, "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") in Plaintiff's Equifax and Trans Union credit disclosures with an erroneous notation of "account in dispute."

8.  Jefferson Capital is inaccurately reporting two of its Errant Tradelines in Plaintiff's Equifax and Trans Union credit disclosures with an erroneous notation of "account in dispute."

9.  MFCU is inaccurately reporting its Errant Tradeline in Plaintiff's Equifax credit disclosure with an erroneous notation of "account in dispute."

10. Plaza Services, PRA, and Helvey & Assoc. are inaccurately reporting their Errant Tradelines in Trans Union credit disclosure with an erroneous notation of "account in dispute."

11. Plaintiff no longer disputes the Errant Tradelines.

12. On April 25, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute."

13. On or about June 10, 2020, Plaintiff submitted letters to Equifax and Trans Union stating that she no longer disputed the Errant Tradelines and requested that the credit bureaus remove the inaccurate notations of "account in dispute".

14. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

15. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on July 28, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union, and the Furnishers failed or refused to remove the notation of "account in dispute."

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,

Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PLAZA SERVICES

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Trans Union of Plaintiff's consumer dispute to the Errant Tradeline with the erroneous notation, Plaza Services negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. Plaza Services negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the erroneous notation of "account in dispute."

20. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

5

21. As a direct and proximate cause of Plaza Services negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Plaza Services is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against Plaza Services arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Plaza Services for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PLAZA SERVICES

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Plaza Services willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. Plaza Services willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Plaza Services willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Plaza Services is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Plaza Services for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY JEFFERSON CAPITAL

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute to the Errant Tradelines with the erroneous notation, Jefferson Capital negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

31. Jefferson Capital negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the erroneous notation of "account in dispute."

32. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

33. As a direct and proximate cause of Jefferson Capital negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Jefferson Capital is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Plaintiff has a private right of action to assert claims against Jefferson Capital arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Jefferson Capital for damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY JEFFERSON CAPITAL

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Jefferson Capital willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

38. Jefferson Capital willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Jefferson Capital willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Jefferson Capital is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Jefferson Capital for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Trans Union of Plaintiff's consumer dispute to the Errant Tradeline with the erroneous notation, PRA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

43. PRA negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the erroneous notation of "account in dispute."

44. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Trans Union to which it is reporting such tradelines.

45. As a direct and proximate cause of PRA negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. PRA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Plaintiff has a private right of action to assert claims against PRA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant PRA for damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRA

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, PRA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

50. PRA willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of PRA willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. PRA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against PRA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HELVEY & ASSOC.

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. After being informed by Trans Union of Plaintiff's consumer dispute to the Errant Tradeline with the erroneous notation, Helvey & Assoc. negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

55. Helvey & Assoc. negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the erroneous notation of "account in dispute."

56. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Trans Union to which it is reporting such tradelines.

57. As a direct and proximate cause of Helvey & Assoc. negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

58. Helvey & Assoc. is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

59. Plaintiff has a private right of action to assert claims against Helvey & Assoc. arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Helvey & Assoc. for damages, costs, interest, and attorneys' fees.

**COUNT VIII**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY HELVEY & ASSOC.**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Helvey & Assoc. willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

62. Helvey & Assoc. willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

63. As a direct and proximate cause of Helvey & Assoc. willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

64. Helvey & Assoc. is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Helvey & Assoc. for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MFCU

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. After being informed by Equifax of Plaintiff's consumer dispute to the Errant Tradeline with the erroneous notation, MFCU negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

67. MFCU negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the erroneous notation of "account in dispute."

68. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax to which it is reporting such tradelines.

69. As a direct and proximate cause of MFCU negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

70. MFCU is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

71. Plaintiff has a private right of action to assert claims against MFCU arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant MFCU for damages, costs, interest, and attorneys' fees.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MFCU

72. Plaintiff realleges the above paragraphs as if recited verbatim.

73. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, MFCU willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

74. MFCU willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

75. As a direct and proximate cause of MFCU willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

76. MFCU is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against MFCU for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

77. Plaintiff realleges the above paragraphs as if recited verbatim.

78. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

79. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

80. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

81. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

82. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

84. Plaintiff realleges the above paragraphs as if recited verbatim.

85. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

86. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

87. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

88. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

89. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

90. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

91. Plaintiff realleges the above paragraphs as if recited verbatim.

92. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

93. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

19

94. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

95. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

96. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

97. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XIV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

98. Plaintiff realleges the above paragraphs as if recited verbatim.

99. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

100.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

101.    Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

102.     After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

103.    As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

104.    Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: January 28, 2021          */s/ Gary A Hansz*
                                GARY A. HANSZ (P44956)
                                CARL SCHWARTZ (P70335)
                                CREDIT REPAIR LAWYERS OF AMERICA
                                Attorneys for Plaintiff
                                22142 West Nine Mile Road
                                Southfield, MI 48033
                                (248) 353-2882
                                Fax (248) 353-4840
                                Email –Gary.hansz@crlam.com
                                      carl@crlam.com

### Certificate of Service

I, Gary A. Hansz, hereby state that on January 28, 2021, I served a copy of the within pleading upon all counsel as their addresses appear of record via the Court's CM/ECF system.

*/s/ Gary A. Hansz*