UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANDRA YOUNG,

               Plaintiff,                         No. 21-10095

v.                                          Honorable Nancy G. Edmunds

EQUIFAX INFORMATION SERVICES, LLC,
     et al.
               Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT [27, 33, 36]**

      This matter is before the Court on Defendants Portfolio Recovery Associates, LLC's ("PRA"), Plaza Services, LLC's ("Plaza"), and Helvey & Associates, Inc.'s ("Helvey") motions to dismiss Plaintiff's first amended complaint. (ECF Nos. 27, 33 and 36, respectively).  Plaintiff filed responses to PRA's motion (ECF No. 39), Plaza's motion (ECF No. 40) and Helvey's motion (ECF No. 41).  The Defendants filed replies. (ECF Nos. 43, 45, 47, respectively.)  Having reviewed and considered the parties' briefs and supporting evidence, the Court has determined that the allegations, facts, evidence and legal arguments are presented adequately in the written submissions so that oral argument would not significantly aid the Court's decision.  For these reasons, the Court will decide the matters without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  (ECF Nos. 28, 35, 37.)  For the reasons set forth below, these Defendants' motions to dismiss are granted.

I.      **Facts and Background**

Plaintiff Chandra Young is an individual residing in Wayne County, Michigan.  (Am. Compl., ECF No. 7 ¶ 5.)  She initially filed this action in Wayne County Circuit Court on November 25, 2020.  (ECF No. 1-1.)  It was removed to this Court on January 13, 2021.

Plaintiff alleges that the Defendants were inaccurately reporting an "erroneous notation of 'account in dispute'" in her Equifax and Trans Union credit disclosures.  (ECF 7 ¶ 7.)  The three Defendants herein, PRA, Plaza and Helvey (hereinafter "Defendants" or "Furnishers"), were subject to identical allegations within Plaintiff's complaint, and their motions to dismiss address the same issues, with few distinctions.  In paragraph 10 of the amended complaint, Plaintiff alleges: "Plaza Services, PRA, and Helvey & Assoc. are inaccurately reporting their Errant Tradelines in Trans Union credit disclosure with an erroneous notation of 'account in dispute.'" (ECF No. 7.)  Plaintiff noticed the erroneous tradelines "account in dispute" when she obtained her Equifax and Trans Union credit disclosures on April 25, 2020.  (ECF 7 ¶ 12.)  In her amended complaint, Plaintiff admits that she "no longer disputes the Errant Tradelines."  (ECF Nos. 7 ¶ 11 and 39 pageID.461.)  Plaintiff submitted letters to credit bureaus Equifax and Trans Union stating that she no longer disputed the errant tradelines and requested that they remove the notations of "account in dispute." (ECF No. 7 ¶ 13.)  Plaintiff alleges that "Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.  The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union."  (ECF No. 7 ¶ 14.)

Plaintiff alleges that she did not receive investigation results from either Equifax or Trans Union and on July 28, 2020, she obtained credit disclosures from each, "which

showed that Equifax, Trans Union, and the Furnishers failed or refused to remove the notation of 'account in dispute.'"  (ECF No. 7 ¶ 15.)

Plaintiff alleges that Defendants negligently failed to conduct a proper investigation of Plaintiff's dispute, failed to review all relevant information available to them and failed to direct Trans Union to remove the "account in dispute" notation.  (ECF No. 7 ¶¶ 42, 43.) Plaintiff filed a first Amended Complaint on January 28, 2021 and brought the following two claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against seven defendants: Negligent Violation of the FCRA and Willful Violation of the FCRA.  Only these three Defendants remain in this action. The Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.    Legal Standard

Defendants bring their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging the Plaintiff failed to state a claim upon which relief may be granted.  The Sixth Circuit noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atlantic Corp. v. Twombly*,  550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 924 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). When considering a motion to dismiss under Rule 12(b)(6), the court takes the factual allegations of the complaint as

true and draws all reasonable inferences in favor of the plaintiff. *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014).

Furthermore, while the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Estate of Barney*, 714 F.3d at 924 (citing *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (quotation and citation omitted).

## III.    Analysis

Plaintiff's allegation is that she "submitted letters to Equifax and Trans Union stating that she no longer disputed the Errant Tradelines and requested that the credit bureaus remove the inaccurate notations of 'account in dispute.'" (ECF No. 7 ¶ 13.) She then alleges that the credit reporting agencies "forwarded Plaintiff's consumer dispute to the Furnishers" and that the "Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union." (ECF No. 7 ¶ 14.) Plaintiff did not provide her letters to the CRAs or their specific content with her amended complaint. As Defendants point out, there is no allegation that Plaintiff directly informed any Furnisher that she no longer wished to dispute her account. They argue that Plaintiff's failure to directly notify the Furnishers that she no longer disputed the accounts and wished to have the notations

4

removed is fatal to her claims against them. (ECF No. 27, PageID.232.)  They also argue that Plaintiff's request for removal of the tradeline notice "account in dispute" is not a "dispute" within the meaning of the FCRA and therefore, failed to trigger a furnisher's duties including any duty to reinvestigate her underlying disputes. There is also an argument that the "account in dispute" tradeline was not inaccurate as that term is defined. Finally, Defendants argue that "Plaintiff's claims based on her non-dispute letter are not actionable under the FCR and should be dismissed."[1]  (ECF No. 27, PageID.236.)

Plaintiff alleges willful and negligent violation of the FCRA under 15 U.S.C. § 1681s-2(b).  Defendants, as  "furnishers of information" under the Act "are bound by the duties set forth in 15 U.S.C. § 1681s-2, entitled 'Responsibilities of furnishers of information to consumer reporting agencies.'" *Mullarkey v. Best Buy Corp.*, 2007 WL 1816474, at *2 (E.D. Pa. June 21, 2007); *see also* 15 U.S.C. § 1681s-2.  The parties do not dispute that PRA, Plaza and Helvey are "furnishers" under the Act.  (ECF No. 7 ¶ 7.)

15 U.S.C. § 1681s-2(b) sets forth five duties that a furnisher faces when it receives a notice of dispute from a credit reporting agency ("CRA").  *See Boggio v. USAA Federal Savings Bank*, 696 F.3d 611, 614 (6th Cir. 2012). Among those duties, a furnisher shall

---

[1] Plaintiff points out that Helvey is attempting to incorporate the arguments set forth in its co-defendants' motions to dismiss, but that Helvey "makes no attempt to explain how the arguments in  . . . [those motions] to dismiss would apply to them or to their particular facts or circumstances."  (ECF No. 41, PageID.517.)  Plaintiff's argument here highlights the dearth of facts set forth in her amended complaint.  She has literally set forth the same bare-bones allegations against each of these Furnishers. The Court cannot imagine, based on Plaintiff's allegations in the amended complaint, how the arguments of the co-defendant Furnishers would *not* apply to Helvey.  There are no "*particular* facts or circumstances" set forth as to any single one of these Defendants. (*Id.*, emphasis added.)  In support of this argument, Plaintiff includes a citation to a 48-page opinion from the First Circuit in a criminal case, "*United States v. Ramirez-Rivera*, 800 F.3d 1 (1st Cir. 2015)", without pin citation or further explanation as to its relevance to the issue. (ECF No. 41, PageID.517.)

"(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the [CRA] pursuant to . . . 1681(a)(2) of this title; [and] (C) report the results of the investigation to the [CRA]." *Id.* at 614-15. "[T]he investigation an information furnisher undertakes must be a reasonable one." *Id.* at 616. There is a private right of action "against a furnisher who fails to satisfy one of the five duties identified in 1681s-2(b)." *Id.* at 618 (damages for negligent breach are found under 15 U.S.C. § 1681o; damages for willful violation are found under 15 U.S.C. § 1681n).

Defendants cite cases similar to the case at bar, in which a consumer plaintiff originally disputed a debt and, under the FCRA, the furnisher was required to report the debt as disputed. *See e.g., Roth v. Equifax Information Services*, LLC, 2017 WL 2181758 (D. Ariz. May 17, 2017). The disputed status appeared on the tradeline. *Id.* at *1. The consumer then notified the credit agency that the consumer no longer "disputes" the tradeline and requests that the notation be removed. *Id.* The general allegation then follows that the credit agency notified the furnisher of this "dispute about the disputed status" and that this notification thus triggers the furnisher's duty to conduct an investigation under 15 U.S.C. § 1681s-2(b). When the consumer finds that the tradeline retains the dispute language, lawsuit ensues pursuant to 15 U.S.C. § 1681s-2(b).[2] *Id.*

---

[2] Defendants, as well as several courts, point out that a form complaint has been used in filing a series of these no-longer-disputed cases around the country. *See e.g., Sanchez v. Equifax Information Services, LLC*, 2021 WL 2134923, at *2 (D.N.J. May 25, 2021) ("Additionally, Plaintiff's action seems to be based on a 'form complaint substantively similar, if not identical, to multiple other complaints . . . .' Prior versions of this document seem to have included descriptions of how the relevant accounts were originally disputed and to whom the initial disputes were sent. After adverse legal outcomes . . ., later iterations of the form complaint glossed over how the account disputes began.") (citations omitted). One court has gone so far as to suggest that the Plaintiff was "trying to create inaccuracies in her credit report by first 'disputing' and then 'un-disputing' certain tradelines," the judge noting, "I see no authority in the FCRA to support a claim

Several courts have held that the plaintiff's failure to directly inform a furnisher that she no longer disputes her account is fatal to her claim.  Section 1681s-2(a)(3) imposes on a furnisher a "duty to provide notice of dispute," which requires that when a consumer disputes directly to a furnisher the completeness or accuracy of a debt, the furnisher may not furnish that information to any CRA "without notice that such information is disputed." In *Roth*,

> Plaintiff allege[d] that RSI received a dispute notice from Equifax regarding her objection to the dispute language associated with her RSI Trade Line but that RSI did not conduct any investigation as required under § 1681s-2(b). As RSI points out in its response, FCRA also requires that RSI report a debt as disputed when a consumer disputes a debt directly to it.  Based on the complaint, Plaintiff had originally disputed the RSI Trade Line with RSI, and consequently RSI was required to report it as a disputed debt. As the complaint is written, Plaintiff never directly told RSI that it no longer disputed the debt, and therefore RSI is required under FCRA to retain that dispute status. RSI cannot be liable for both reporting Plaintiff's account as disputed and not reporting it as disputed. Furthermore, RSI had nothing to investigate upon receipt of the notice from Equifax. As RSI notes in its reply brief, "[t]he decision to dispute or not dispute a debt is completely up to the debtor." The last RSI heard directly from Plaintiff was that she disputed the debt and that is all any investigation of RSI's files would have turned up. Plaintiff does not allege or argue that RSI had an obligation to look outside its files and contact Plaintiff for verification.

*Id.* at *3; *see also McGee v. Equifax Information Services, LLC*, 2019 WL 2714505 (N.D. Ga. Mar. 19, 2019) (finding the facts of *Roth* "nearly identical" to those presented in *McGee*, "and the reasoning and analysis set forth by the *Roth* court is persuasive") Report and Recommendation Adopted, 2019 WL 2714497 (N.D. Ga. Apr. 9, 2019); *see also Foreman v. Equifax Solutions, LLC,* 2020 WL 8254379, *3-4 (N.D. Ga. Nov. 10, 2020)

---

based on such self-manufactured 'inaccuracies.'"  *Briscoe v. Equifax Information Services, LLC*, 2020 WL 10046994, at *8 n.7 (N.D. Ga. Oct. 27, 2020), Report and Recommendation Adopted, 2021 WL 2376663 (N.D. Ga. Jan. 12, 2021).

(following *Roth* and also noting the source of the underlying dispute status as immaterial; "plaintiff's failure to notify CCS directly that she no longer disputed the tradeline is fatal under the logic of *McGee* and *Roth*").  Plaintiff alleges that she notified the CRAs, not the furnishers, that she no longer disputes the tradelines. For this reason, the *Roth* analysis supports dismissing Plaintiff's claims against the Furnishers.

Next, Defendants argue that the request for removal of a tradeline is not a "dispute" or "notice of dispute" under the FCRA, nor was the request sufficient to trigger a duty to reinvestigate the underlying disputes. The cases cited above support their argument. Based Plaintiff's allegations, she submitted letters "stating that she no longer disputed the Errant Tradelines and requested that the credit bureaus remove the inaccurate notations of 'account in dispute.'" (ECF No. 7 ¶ 13.)  The furnisher "had nothing to investigate when it received plaintiff's letter" from the CRA.  *See Foreman*, 2020 WL 8254379, at *4.  "Any investigation would have yielded no new information to compel it to withdraw plaintiff's dispute." *Id.*[3]

---

[3] It is worth noting a recent Court of Appeals opinion addressing a similar claim. *See White v. Equifax Information Services, LLC,* 2021 WL 6102458 (11th Cir. Dec. 23, 2021).  The Eleventh Circuit affirmed a district court's dismissal finding that the furnisher satisfied its obligations under the FCRA.  Although the *White* district court had more facts before it, including a copy of the plaintiff's letter to the CRAs, the Eleventh Circuit's findings are consistent with the analysis set forth herein.  The court noted that the plaintiff did not "plausibly allege that Wells Fargo failed to conduct a reasonable investigation in response to the materials she sent to the CRAs, which the CRAs then forwarded to Wells Fargo."  *Id.* at *2.  She had previously disputed the tradeline, but she had not resolved the dispute "by the time she sent the letter to the CRAs stating that she no longer disputed the . . . tradeline."  *Id.* When the CRAs forwarded the letter, the furnisher "reasonably understood it as a request by the CRAs to verify that their reporting about the status of [her] account matched the statue of [her] account in the bank's official records."  *Id.*

Plaintiff attempts to cast the "dispute" notation as an "inaccurate dispute status" or "errant tradelines" so that her allegations should fit neatly within the FCRA rubric to trigger a furnisher's duties upon notice from a credit agency of an "inaccuracy."  Plaintiff simply makes the conclusory allegation that these "dispute" notations are inaccurate, without further identifying how so.  "It is well settled that, regardless of the particular breach of the FCRA that is alleged, 'a threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under § 1681s-2(b).'" *Tillman v. Michigan First Credit Union*, 2021 WL 1267583 (E.D. Mich. Apr. 5, 2021) (discussed on summary judgment) (citing *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 629 (6th Cir. 2018)).

Plaintiff's amended complaint is a formulaic recitation of the elements of a cause of action, a cause of action that does not fit squarely with the few facts she does allege. The allegations themselves are contradictory to identifying an inaccuracy.  Plaintiff alleges that she "*no longer* disputes the Errant Tradelines."  (ECF No. 7 ¶ 11, emphasis added.) Without allegations to the contrary, the inference is made that the disputes were accurate at the time she obtained the credit disclosures on April 25, 2020.  *See e.g. Bell v. Experian Information Solutions, Inc.*, 2021 WL 4887975, at *1 n.3 (S.D. Ga. Oct. 19, 2021) ("Plaintiff inferentially concedes that at that time the 'account in dispute' notation was accurate." "Indeed Plaintiff never disputes this fact in brief.  Thus, at the time of the first credit check, the PHEAA [furnisher] tradelines 'account in dispute' were accurate.") Plaintiff has not alleged an inaccuracy in the "account in dispute" notation.  While the complaint need not contain detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

"Before a plaintiff can proceed with a failure to perform a reasonable investigation claim, the plaintiff must establish that there is an inaccuracy in the credit reporting." *Scott v. Equifax Information Services, LLC*, 2020 WL 5960731 (E.D. Mich. Oct. 8, 2020) (motion for summary judgment) ("In other words. . . , Scott has not established that the Credit Union's report was inaccurate for the purposes of FCRA. Therefore, this Court need not analyze whether Credit Union's investigation was reasonable under FCRA because Scott cannot succeed on her § 1681s–2(b) claim because she has not shown that the report was inaccurate.") "[T]the complaint fails to set forth non-conclusory allegations with respect to the information that was supposedly false on plaintiff's credit report. Nor does it identify what information was false. These deficiencies are fatal to plaintiff's claim, as a non-conclusory claim of inaccurate or incomplete credit information is a 'threshold showing' for a violation of the FCRA." *Petronykoriak v. Equifax Information Services LLC*, 2019 WL 4278171, at *2 (E.D. Mich. Sept 10, 2019) (citing *Pittman*, 901 F.3d at 629).

 "Plaintiff has cited no FCRA provision or binding case law providing that when a consumer unilaterally changes her mind and informs a CRA (but not the furnisher) that she no longer disputes an account, but provides no specifics or reasons or facts to support her change of heart, that such a withdrawal constitutes a new 'consumer dispute' for purposes of the FCRA." *Briscoe*, 2020 WL 10046994, at *5.  Plaintiff's attempts to distinguish the cases set forth herein further highlight this issue.  For example, Plaintiff asks the Court "to disregard *Roth, McGee* and *Foreman* because they were wrongly decided."  (ECF No. 39, PageID.465.)  Plaintiff argues that these courts read into 15 U.S.C. § 1681s-2(a)(3) a requirement that a plaintiff directly inform the furnisher if she no longer disputed the debt.  According to Plaintiff, "[t]his provision states what a furnisher

must do when it receives a direct dispute from a consumer, but it says nothing about what a furnisher must do if it later receives notice from the consumer (either directly or indirectly via a consumer reporting agency) that the consumer no longer disputes the information and wants the dispute remarks removed."   (ECF No. 39, PageID.465.)   Yet Plaintiff identifies no case law in the Sixth Circuit or elsewhere that contemplates such: that a consumer's change of mind or circumstance from "disputing" a tradeline to "no longer" disputing a tradeline gives rise to the Furnishers' duties and ensuing liability in the FCRA. *See Briscoe*, 2020 WL 10046994, at *7 ("I am unpersuaded by Plaintiff's argument that [*McGee*] was wrongly decided, particularly because Plaintiff has cited no decision from any federal court that reached a contrary result on similar facts.").

The Court does not find legal support for Plaintiff's conclusion that a request to remove a once-accurate notation of dispute creates an inaccuracy or further dispute that triggers a furnisher's duties under 15 U.S.C. § 1681s-2(b) and a resultant private right of action.  *See generally Hardnett v. Equifax Information Services, LLC*, 2020 WL 9598943 (N.D. Ga. Dec. 16, 2020) (citation omitted) ("I decline to adopt Plaintiff's interpretation of the FCRA, concluding that it would not only fail to promote one purpose of the statute— i.e., ensuring accuracy and fairness in credit reporting—but that it would actually undermine another—i.e., promoting efficiency in the banking system.")  And even if it did, Plaintiff has failed to plead sufficient facts to state a plausible claim.  "Besides a formulaic recitation of the elements of each cause of action and an insistence that the dispute notations should have been removed, the Amended Complaint does not allege what [the Furnisher's] investigation should have involved, or how its actions failed to meet this investigative standard."  *Sanchez*, 2021 WL 2134923, at *2.

11

Plaintiff brings claims for both negligent and willful violation of the FCRA.  As with Plaintiff's claims for negligent violation of the FCRA, the Court finds that Plaintiff has not pled sufficient factual allegations to state a claim for willful violation of the FCRA.  *See Williams v. CitiMortgage, Inc.*, 2014 WL 1347067 (W.D. Okla. April 2, 2014) (finding that the plaintiffs had "not set forth sufficient factual allegations that allow the Court to draw the reasonable inference that the . . . Defendants intentionally violated the FCRA or that the . . . Defendants violated the FCRA in reckless disregard of their duties.").  For the reasons set forth above, the Court dismisses Plaintiff's claims against PRA, Plaza and Helvey.

To the extent that Defendant Plaza argues that Plaintiff failed to adequately allege actual damages, the Court need not reach this argument in light of the findings above. (ECF No. 33, PageID.429-32.)

Finally, Plaintiff requests in her response to Plaza's motion to dismiss to be permitted to amend her complaint.  "The Court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. David*, 371 U.S. 178, 182 (1962). Leave can be denied if the amendment would be futile. *See id.* Leave may also be denied for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, as well as repeated failure to cure deficiencies by amendments previously allowed.  *Id.* In this instance, Plaintiff has already filed an amended complaint that continues to contain only bare-bone allegations, presenting little more than a recitation of the elements of an FCRA claim.  For months, Plaintiff has had the benefit of Defendants' briefing and a

growing body of case law that address the deficiencies of her claims and her amended complaint and Plaintiff has not moved to amend.  Plaintiff provides no information with her request as to how a second amended complaint will cure these deficiencies.  The request to amend is denied.

**IV.    Conclusion**

For the reasons stated herein, the Court grants Defendants' motions to dismiss the amended complaint (ECF Nos. 27, 33, 36) with prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 29, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager